ELIZABETH L. ZEPEDA, Bar No. 140392
EDWARDS WILDMAN PALMER LLP
9665 Wilshire Blvd., Ste. 200
Beverly Hills, California 90210
Telephone: 310.860.8710
Facsimile: 855.564.5047

MATTHEW E. FARMER, Bar No. 190484
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
GARFIELD BEACH CVS, L.L.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE E. RUVALCABA,<br><br>    Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation,<br><br>    Defendant. | Case No. 1:12-CV-00234-AWI-MJS<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS ORDER**<br><br>Trial Date: October 8, 2013 |

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited

/ / /

information or items that are entitled under the applicable legal principles to treatment as confidential.

**2.      DEFINITIONS**

2.1     PARTY:  any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

2.2     DISCLOSURE OR DISCOVERY MATERIAL:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "CONFIDENTIAL" INFORMATION OR ITEMS:  information (regardless of how generated, stored or maintained) or tangible things reflecting confidential, or personal information that counsel or any of the stipulating parties has in good faith designated as "Confidential."

2.4     RECEIVING PARTY:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     PRODUCING PARTY:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     DESIGNATING PARTY:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     PROTECTED MATERIAL:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8     OUTSIDE COUNSEL:  attorneys who are not employees of a Party but who represent or advise a Party in this action.

2.9     HOUSE COUNSEL:  attorneys who are employees of a Party.

2.10    COUNSEL: Outside Counsel and House Counsel (as well as their support staffs).

2.11    EXPERT:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    PROFESSIONAL VENDORS:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court, or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order or arbitrator's order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to

sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    MANNER AND TIMING OF DESIGNATIONS.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pre-trial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as" CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     INADVERTENT FAILURES TO DESIGNATE.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material *is* appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     TIMING OF CHALLENGES.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     MEET AND CONFER.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in writing or voice to voice dialogue) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     JUDICIAL INTERVENTION.  A Designating Party that has been given reasonable notice of the non-designating party's challenge (by virtue of the meet and confer process outlined above) may file and serve a motion consistent with this Stipulated Protective Order that identifies the challenged material and sets forth in detail the basis for the designation.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under· the Producing Party's designation.

///

STIPULATED PROTECTIVE ORDER RE
CONFIDENTIAL DOCUMENTS [PROPOSED ORDER]          5

/ / /

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  BASIC PRINCIPLES.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Judge, the Court, and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (g)    the author and recipient of the document or the original source of the information.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. FINAL DISPOSITION.

Unless otherwise, ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## 10. MISCELLANEOUS

10.1   RIGHT TO FURTHER RELIEF. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2   RIGHT TO ASSERT OTHER OBJECTIONS. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on

any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: October 25, 2012          BRYANT WHITTEN, LLP


By:/s/
   Amanda B. Whitten
   *Attorney for Plaintiff*


Dated: October 25, 2012          EDWARDS WILDMAN PALMER LLP


By:/s/
   Elizabeth L. Zepeda
   *Attorney for Defendant*

**ORDER**

For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE ORDER is entered in this case in accordance with the above stipulation of the Parties, subject however to the parties continuing to comply with applicable provisions of the Federal Rules of Civil Procedure and local Eastern district and Yosemite rules.

.

IT IS SO ORDERED.

Dated:   October 26, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE